UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
FORT WAYNE DIVISION

| AMERICAN HALLMARK INSURANCE COMPANY OF TEXAS, | ) ) ) | |
|---|---|---|
| Plaintiff, | ) ) | |
| v. | ) ) | Cause No. 1:18-cv-00293-WCL-SLC |
| BOHREN LOGISTICS INC., *et al.*, | ) ) ) | |
| Defendants. | ) | |

## OPINION AND ORDER

This Court has an independent obligation to ensure that subject matter jurisdiction exists in an action before it. *See Arbaugh v. Y & H Corp.*, 546 U.S. 500 (2006); *Belleville Catering Co. v. Champaign Mkt. Place, L.L.C.*, 350 F.3d 691, 693 (7th Cir. 2003). This Opinion and Order summarizes the undersigned Magistrate Judge's inquiry into the basis for the Court's jurisdiction in this case.

Plaintiff American Hallmark Insurance Company of Texas filed the complaint in this case on September 17, 2018, alleging diversity of citizenship of the parties under 28 U.S.C. § 1332 as the basis for jurisdiction. (*See* DE 1). As the party seeking to invoke federal diversity jurisdiction, a plaintiff bears the burden of demonstrating that the requirement of complete diversity has been met. *Chase v. Shop 'N Save Warehouse Foods, Inc.*, 110 F.3d 424, 427 (7th Cir. 1997). Here, Plaintiff's allegations of diversity jurisdiction are deficient for a number of reasons.

First, a corporation is considered a citizen of the state by which it is incorporated and the state where it has its principal place of business. 28 U.S.C. § 1332(c)(1); *N. Trust Co. v. Bunge Corp.*, 899 F.2d 591, 594 (7th Cir. 1990). Conversely, "if a firm is not incorporated, its

citizenship is determined by the citizenship of its proprietor, partners, members, or other participants." *Wild v. Subscription Plus, Inc.*, 292 F.3d 526, 528 (7th Cir. 2002); *see Fellowes, Inc. v. Changzhou Xinrui Fellowes Office Equip. Co. Ltd.,* 759 F.3d 787, 790 (7th Cir. 2014) (finding that a business established under the laws of China had the citizenship of every member-investor).

Here, Plaintiff alleges that Defendant Med Trans is "a citizen of the State of Missouri" (DE 1 ¶ 12), and Defendant PEHP Health Benefits is "a citizen of the State of Utah" (DE 1 ¶ 18). However, Plaintiff fails to identify how these Defendants are organized; i.e., whether they are corporations or unincorporated associations. Therefore, Plaintiff must inform the Court how PEHP Health Benefits and Med Trans are organized. If PEHP Health Benefits or Med Trans is incorporated, then the Court must be informed of the state in which that Defendant has its principal place of business, and in which state it is incorporated to ensure that it does not share citizenship with Plaintiff. If PEHP Health Benefits or Med Trans is an unincorporated association, then its citizenship must be "traced through multiple levels" for its members or partners, as anything less can result in a dismissal for want of jurisdiction. *Mut. Assignment & Indem. Co. v. Lind-Waldock & Co., LLC*, 364 F.3d 858, 861 (7th Cir. 2004).

Second, Plaintiff alleges that Defendant Illinois Farmers Insurance Company is "a citizen of the State of Illinois, [and] is . . . the subrogee of the owner of the vehicle driven by [Defendant] John Cavalzani." (DE 1 ¶ 13). Although Illinois Farmers Insurance Company's name indicates that it is incorporated, Plaintiff has not identified in which state Illinois Farmers Insurance Company has its principal place of business or in which state it is incorporated. *See* 28 U.S.C. § 1332(c)(1); *N. Trust Co.*, 899 F.2d at 594.

Third, the complaint does not indicate whether Illinois Farmers Insurance Company's subrogation of the owner of the vehicle driven by John Cavalzani was total or partial. "Determining a party's citizenship for purposes of a subrogation claim requires determining whether the subrogation was total or partial." *Cincinnati Ins. Co. v. Greene*, No. 1:10-cv-370, 2012 WL 1802325, at *2 (S.D. Ind. May 17, 2012).

> If the subrogee has paid an entire loss suffered by the insured, it is the only real party in interest and must sue in its own name. If it has paid only part of the loss, both the insured and insurer (and other insurers, if any, who have also paid portions of the loss) have substantive rights against the tortfeasor which qualify them as real parties in interest.

*United States v. Aetna Cas. & Sur. Co.*, 338 U.S. 366, 380-81 (1949) (citation omitted). "[T]otal subrogation . . . results in focusing solely on the subrogee's citizenship for diversity purposes, [while] partial subrogation forces a look at both subrogee and subrogor . . . ." *Greene*, 2012 WL 1802325, at *2 (alteration in original) (citation omitted). Moreover, Plaintiff has not identified the owner of the vehicle that John Cavalzani was driving, much less alleged the citizenship of such a person, which would be necessary for the purposes of pleading diversity of the parties if it turns out the Illinois Farmers Insurance Company's subrogation of the owner of the vehicle driven by John Cavalzani was only partial.[1] *Id.* (citation omitted).

Fourth, the complaint pleads the citizenship of Defendants Paola Velez, Martiniana Velez, Juan Pablo Velez, and Illinois Farmers Insurance Company "upon information and belief." (DE 1 ¶¶ 8, 13). However, "[a]llegations of federal subject matter jurisdiction may not be made on the basis of information and belief, only personal knowledge." *Yount v. Shashek*,

---

[1] Plaintiff appropriately pleads the citizenship of John Cavalzani as a "citizen of the State of Illinois." (DE 1 ¶ 11).

472 F. Supp. 2d 1055, 1057 n.1 (S.D. Ill. 2006) (citing *Am.'s Best Inns, Inc. v. Best Inns of Abilene, L.P.*, 980 F.2d 1072, 1074 (7th Cir. 1992)); *see Ferolie Corp. v. Advantage Sales & Mktg., LLC*, No. 04 C 5425, 2004 WL 2433114, at *1 (N.D. Ill. Oct. 28, 2004); *Hayes v. Bass Pro Outdoor World, LLC*, No. 02 C 9106, 2003 WL 187411, at *2 (N.D. Ill. Jan. 21, 2003). Therefore, Plaintiff's allegations of diversity jurisdiction are deficient with respect to these Defendants.

Fifth, the complaint alleges that Defendant "Terrence Sullivan, who died following the accident [alleged in the complaint], was a resident of Colorado at the time of his death. . . . Defendant Dennis Sullivan, a citizen of the state of Colorado, was appointed as Personal Representative of the Estate of Terrence Sullivan." (DE 1 ¶ 9). However, under 28 U.S.C. § 1332(c)(2), "the legal representative of the estate of a decedent shall be deemed to be a citizen only of the same State as the decedent." *See Hunter v. Amin*, 583 F.3d 486, 491-92 (7th Cir. 2009) (observing that the federal diversity statute treats the legal representative of a decedent's estate as a citizen of the same state as the decedent); *Gustafson v. Zumbrunnen*, 546 F.3d 398, 400-01 (7th Cir. 2008) (same).

Furthermore, residency is meaningless for purposes of diversity jurisdiction; an individual's citizenship is determined by his or her domicile. *See Winforge, Inc. v. Coachmen Indus., Inc.*, 691 F.3d 856, 867 (7th Cir. 2012); *Heinen v. Northrop Grumman Corp.*, 671 F.3d 669, 670 (7th Cir. 2012) ("But residence may or may not demonstrate citizenship, which depends on domicile—that is to say, the state in which a person intends to live over the long run."); *Guar. Nat'l Title Co., Inc. v. J.E.G. Assocs.*, 101 F.3d 57, 58-59 (7th Cir. 1996) (explaining that statements concerning a party's "residency" are not proper allegations of citizenship as required

4

by 28 U.S.C. § 1332). Therefore, Plaintiff must inform the Court of decedent Defendant Terrence Sullivan's domicile at the time of his death.[2]

Therefore, Plaintiff is AFFORDED to and including February 12, 2019, to file an amended complaint properly alleging a basis for the Court's jurisdiction.

SO ORDERED.

Enter for this 29th day of January 2019.

/s/ Susan Collins
Susan Collins
United States Magistrate Judge

---

[2] Plaintiff also fails to properly plead the citizenships of Defendant Banner Health (DE 1 ¶ 14 (failing to identify how Banner Health is organized)); Defendant Country Financial (DE 1 ¶ 15 (pleading citizenship "on information and belief," failing to identify whether Country Financial's "subrogation of the owner of the vehicle occupied by the Pals [Defendants]" was partial or total, and failing to identify how Country Financial is organized)); Defendant Kramer's Wrecker Service, Inc. (DE 1 ¶ 16 (failing to plead Kramer's Wrecker Service, Inc.'s principal place of business or state of incorporation, and pleading its citizenship "on information and belief")); Defendant GEICO (DE 1 ¶ 17 (pleading citizenship "on information and belief," failing to identify whether GIECO's subrogation "of the owner of the vehicle occupied by the Velez[] [Defendants]" was partial or total, and failing to identify how GEICO is organized)); and Defendant Loan Peak Hospital (DE 1 ¶ 19 (failing to identify how Loan Peak Hospital is organized)). However, because Plaintiff subsequently filed motions to voluntarily dismiss these Defendants, which the Court granted (*see* DE 50; DE 51; DE 54; DE 58; DE 71), the Court will not order Plaintiff to correctly plead the citizenships of these Defendants in an amended complaint.